**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ELEZA L. RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-cv-561-HAB-ALT |
| | ) | |
| LEAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Eleza Rodriguez ("Rodriguez") requested a "competency hearing." (ECF 25). What she wants is for the Court to appoint her counsel. Because she does not meet the legal test for appointment of civil counsel, her motion is DENIED.

**I.      Factual and Procedural Background**

Rodriguez is now pro se, but it wasn't always so. She was originally represented by Attorney Christopher Myers ("Attorney Myers"). In May, Attorney Myers moved to withdraw. (ECF 16). Attorney Myers cited, as the reason for his motion, Rodriguez's "tardiness in answering discovery responses posed by Defendant." (*Id*. at 1)[1]. Magistrate Judge Susan Collins held a hearing on the motion on June 9, 2025. (ECF 19). Judge Collins granted the motion and stayed the case for thirty days to allow Rodriguez to obtain new counsel. Judge Collins also set a telephonic status conference for July 9, 2025.

Rodriguez failed to appear for the telephonic status conference. (ECF 21). I issued an order to show cause and set the matter for a show cause hearing on July 29, 2025. (ECF 22). Rodriguez appeared. (ECF 24). After dispensing with the show cause order, I discussed with the parties the

---

[1] The motion to withdraw was likely prompted by Defendant Lear Corporation's ("Lear") motion to compel. (ECF No. 13).

status of Rodriguez's discovery responses. Rodriguez advised that they were almost complete. So, I granted Lear's motion to compel and gave Rodriguez until August 8, 2025, to submit her responses. I would note that Rodriguez was articulate and able to effectively present her position during this hearing.

Rather than submit her discovery responses, Rodriguez filed the instant motion on August 8, 2025. (ECF 25). She claims, in summary, that she "lacks the requisite legal skills & knowledge" to proceed pro se. (*Id*. at 1). Perhaps more importantly, she claims that she "has documented psychological and anxiety issues." (*Id*. at 2). She asks for a competency hearing under 18 U.S.C. § 4241. She also asks that the case be stayed until the competency examination is completed.

I held a telephonic hearing on the instant motion on September 3, 2025. (ECF 30). Rodriguez claimed that she had contacted "more than ten" attorneys following Attorney Myers withdrawal, but she could not name one of them. She admitted that she could read and write, that she had a high school diploma, and that she had been consistently employed since graduation. With respect to her mental health issues, Rodriguez stated that she had suffered from depression and anxiety since she was a child. She had been prescribed medication for the conditions a year ago but stopped taking them after only a few days. Rodriguez claimed that, whenever she sits down to work on this case, she suffers an "anxiety attack."

After listening to Rodriguez, I denied her motion to appoint counsel. At this point, several of Rodriguez' friends and family decided to make their opinions known. Her "paralegal," "Malachi," loudly advised that I was abusing my discretion. Rodriguez' mother stated that she had "looked into" me. The latter statement has been referred to the United States Marshal for further investigation.

## II.    Legal Analysis

Unlike criminal defendants, civil litigants have no right to counsel. *McCaa v. Hamilton*, 893 F.3d 1027, 1030 (7th Cir. 2018). Still, pro se litigants can ask the court to recruit counsel for them. *Id*. In evaluating a request, I must answer two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

I will assume, for the sake of argument, that Rodriguez made reasonable attempts to obtain counsel. I am skeptical of her claim that she contacted more than ten attorneys, particularly since she can't name one of them, but I have no information to the contrary. Rodriguez has satisfied the first of the *Pruitt* prongs.

She has not satisfied the second. First, this case is not difficult. It is a one-count discrimination claim. (*See* ECF No. 4). As verified by Lear during the hearing on the instant motion, there is one factual dispute: whether Rodriguez was using her phone on the production floor to check her blood sugar or for some other, prohibited purpose. During my time on the bench, coupled with my six-and-one-half years as career law clerk to Chief Judge Holly A. Brady, this is as straightforward a federal claim as I have seen.

Nor is there anything about Rodriguez that leads me to believe that she cannot prosecute this case on her own. She can read and write and has a high school diploma. She has maintained steady employment during her adult life. While she is not a lawyer and likely has little knowledge of the Federal Rules of Civil Procedure, the Rules of Evidence, or any of the Court's other procedures, there is nothing in her background that leads me to believe that this case is beyond her capabilities. *Cf Henderson v. Ghosh*, 755 F.3d 559 (7th Cir. 2014) (reversing the denial of

appointment of counsel where plaintiff had a low IQ, was functionally illiterate, and had only a fifth-grade education).

The thrust of Rodriguez's claim is that her mental health prevents her from prosecuting this case. I am not convinced. Rodriguez testified at the hearing on the instant motion that she has suffered from anxiety and depression since she was a child. This tells me that she has completed high school and maintained employment despite her mental health issues. Rodriguez's refusal to take medications for her conditions further leads me to believe that her conditions are not debilitating. And, not for nothing, I have personally observed Rodriguez at two hearings, and she has shown herself capable of advocating on her own behalf. In any event, nothing about a diagnosis of depression or anxiety makes Rodriguez per se unable to handle this case on her own. *See Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (affirming the denial of appointment of counsel despite plaintiff's recent diagnosis of depression).

But perhaps most important in the analysis is the reason Rodriguez proceeds pro se. "The valuable help of volunteer lawyers is a limited resource." *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020). "The courts must be careful stewards of this limited resource." *Id.* at 934. When a previous counsel "invested many hours of valuable time in the case before moving to withdraw because the client would not cooperate," the wise court will jealously guard that resource. *Williams v. DeJoy*, 88 F.4th 695, 703 (7th Cir. 2023).

That's the case here. Rodriguez had an experienced employment lawyer. But she chose not to cooperate with that lawyer in the discovery process, a recalcitrance that continues to this day. I am not willing to recruit a volunteer lawyer, only to have that lawyer run into the same client-created roadblocks as Attorney Myers.

**III.    Conclusion**

For these reasons, Rodriguez's motion for appointment of counsel (ECF No. 25) is DENIED.

SO ORDERED.

Entered this 4th day of September 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge