IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ELEZA L. RODRIGUEZ, )
Plaintiff, )
)
V. )
)
) Case#1:24-cv-00561-HAB-SLC
)
LEAR CORPORATION, )
)
Defendant. )

## MOTION TO ALTER OR AMEND JUDGMENT & ORDER

**(Fed. R. Civ. P. 59(e))**

COMES NOW the plaintiff Eleza Rodirguez, pro se, and respectfully moves this Honorable Court to alter or amend its [Order/Judgment] entered on September 4th, 2025, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In support thereof, the Movant states as follows:

## I. INTRODUCTION

On Sept 4th 2025, this Court entered an order finding that the Movant had the capacity to represent herself in this matter and to proceed accordingly. However, the Court made this determination **without ordering a mental or psychological evaluation**, and without **inquiring into or reviewing any prior psychological or psychiatric assessments**, thereby violating due process principles and governing legal standards regarding competency to proceed pro se.

This Motion seeks reconsideration of that ruling pursuant to Rule 59(e), which permits a court to alter or amend a judgment to correct manifest errors of law or fact or to prevent manifest injustice.

## II. LEGAL STANDARD

Rule 59(e) allows a party to move to alter or amend a judgment within 28 days of its entry. The grounds for granting a Rule 59(e) motion include:

- **Errors of law or fact in the court's decision**. See *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)( *banc*)(Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based.").
- **Errors of procedure or evidence**. See *Browder v. Director*, 434 U.S. 257, 266 (1978)(erroneous denial of hearing is a proper claim brought under Rule 59(e)).
- **Clerical mistakes**. See Fed. R. Civ. P. 60(a); Advisory Committee Note to Fed. R. Civ. P. 60 (any Rule 60 ground for relief may also be brought under Rule 59(e)).
- **Mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, any factor rendering the judgment void, and any other reason that justifies relief** or to prevent a **manifest injustice.**.

## III. ARGUMENT

### A. The Court's Finding of Competency Lacked a Factual Basis

In determining that the Movant had the capacity to proceed pro se, the Court failed to conduct a sufficient inquiry into Movant's **mental health** history or present psychological state. A finding of competency to waive counsel and represent oneself must be supported by adequate factual findings, particularly where there is reason to question the individual's mental capacity or emotional capacity.

The Supreme Court has held that the standard for competency to represent oneself is not identical to the standard for competency to stand trial. See *Indiana v. Edwards*, **554 U.S. 164**

**(2008).** Courts are instructed to carefully evaluate whether a litigant, although competent to stand trial, possesses **the higher functional ability necessary <u>to conduct trial proceedings on their own.</u>**

In the landmark case **Indiana v. Edwards (2008)**, the Supreme Court ruled that states can deny a mentally ill defendant the right to self-representation, even if they are competent to stand trial. A <u>**judge could abuse their discretion**</u> by forcing an obviously delusional or severely impaired defendant **to represent themselves**, making a mockery of the trial. It must be remembered that Rodriguez unequivocally stated to the court that she lacks the requisite skills, knowledge or emotional equilibrium to proceed pro se and that forcing her to do so violates her due process rights under the Americans with Disabilities Act et.al.

Here, the record is devoid of:

- Any psychological or psychiatric evaluation;
- Any consideration of past mental health diagnoses;
- Any hearing or factual inquiry on the issue of competency.

This constitutes **clear error** and resulted in a ruling unsupported by the factual record.

**B. The Court Failed to Inquire Into Prior Evaluations**

The Movant had a documented history of mental health issues, which were either brought to the Court's attention or were readily discoverable upon minimal inquiry. Despite this, the Court did not request or consider any prior evaluations, in contravention of basic procedural fairness and the Court's duty to ensure a valid waiver of counsel rights under *Faretta v. California*, 422 U.S. 806 (1975).

Key case law supports that courts must conduct a meaningful inquiry when competency is in question:

- *Drope v. Missouri*, 420 U.S. 162, 180–82 (1975): The Court held that a trial judge must order a psychiatric evaluation when there is **reasonable doubt about a defendant's competence, and failure to do so violates due process**.

- *Pate v. Robinson*, 383 U.S. 375, 385 (1966): A hearing on competency is required when the evidence raises a "bona fide doubt" as to the defendant's mental fitness to proceed.

**The Court failed to follow these constitutional mandates. There was no:**

- Psychological or psychiatric evaluation ordered; or

- Inquiry into the Movant's prior history of mental illness;

- Evidentiary hearing to assess whether Movant's waiver of counsel was valid under the *Faretta* standard.

This failure constitutes clear error under *Drope*, *Pate*, and *Indiana v. Edwards*.

**The Court Ignored Relevant Mental Health History**

**The Court also failed to consider that Movant had a history of mental illness**—information that was [available on the record/provided in pleadings/known to the Court]—yet no inquiry was made into this history prior to ruling on Movant's competence. This stands in direct contradiction to the standard articulated in *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010), where the Second Circuit emphasized the need for courts to assess prior psychiatric history when considering pro se competency.

**Courts are not permitted to assume competency without inquiry, particularly where red flags are present**

*United States v. McKinney*, 737 F.3d 773, 778 (1st Cir. 2013): The trial court has an affirmative duty to inquire into competency when any evidence creates a reasonable doubt.

**The Court's silence on this issue constitutes legal error warranting reversal or amendment of the judgment.**

C. **The Judgment Resulted in Manifest Injustice**

Allowing an individual with potential psychiatric impairments to proceed without counsel, in the absence of a proper inquiry, evaluation, or hearing, **creates manifest injustice**. A judgment entered under such circumstances is fundamentally unreliable and violates due process.

As articulated in *Dusky v. United States*, 362 U.S. 402 (1960), the test for competence is whether the individual has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." That standard was not applied here because no evaluation or factual development took place.

The Court's failure to conduct such an inquiry **deprives Movant of a meaningful opportunity to assert and protect constitutional rights**. Moreover, at the hearing conducted on September 3rd, Rodriguez pointed out to the court that she has long suffered from severe anxiety issues that are triggered whenever she attempts to work on this case, in which she never asked the court or indicated she wanted to proceed as a pro-se litigant. She even indicated that her past history of anxiety **has previously led to her having suicidal ideations**. Rodriguez also made it plain that, like this present motion, **she did not write or prepare her Motion for a Competency Hearing, but only did so with help via a relative with some legal knowledge and assistance.**

D. **Therefore, this Failure to Conduct an Evaluation Caused a Manifest Injustice**

Allowing a possibly incompetent litigant to proceed pro se without a sufficient basis violates constitutional safeguards and undermines the integrity of the judicial process. The absence of a mental health evaluation — or even minimal inquiry — resulted in **manifest injustice**, warranting relief under Rule 59(e).

E. The Court on the above date made a determination that Rodriguez that despite her stated limitations and the fact that she never asked to proceed pro-se or that she lacked the requisite knowledge this left her open to the same standards of demanding discovery request that she

does not understand how to comply with, that just because she tried to turn over her phone to a third party as this court ordered **that she such did not demonstrate was fully capable of handling the complex issues of discovery (which includes a need for comparable and competent reciprocal discovery as well.**

Lear Corporation has sought to have her held responsible for thousands of dollars for missing discovery deadlines **which she does not know how to meet**. This is in violation of Justus v. Clarke, 78 F.4th 97 (4th Cir. 2023), a prisoner with a mental illness filed a motion for reconsideration of his habeas petition, citing his mental illness as the reason for tolling the deadlines. **The court identified two criteria for evaluating such incapacity: whether the petitioner's mental state prevented them from understanding the need to file or rendered them physically unable to prepare and file the petition. Herein, the petitioner told the court that she is overwhelmed with anxiety when trying to research this case due to past issues with anxiety.**

**Final Considerations from the Official Transcript**: Page Pg 6 Line 3-14

**THE COURT**: Okay. Now, you said -- and I normally wouldn't ask to get into this, but unfortunately, I have to as part of your motion -- it says that you have documented psychological and anxiety issues. Can you give me some background on that?

**THE PLAINTIFF**: Yes, I've been dealing with that since I was a kid. I've been going to the Bowen Center since I was a kid, different therapies since I was a kid.

**THE COURT**: Okay. And do you recall what your exact diagnosis is?

**THE PLAINTIFF**: Anxiety, depression and attempt at suicidal.    Page 8 Line 6-25

**The Court**: The issue that you do have, though, is that unlike a --

unlike a criminal case where you have a Constitutional right to counsel, you don't have that in a civil case. **And so the best I can do for you at this point in time -- assuming that I found that you were eligible -- the best I can do for you is to try to recruit someone to represent you. I can't appoint you counsel**, I can't require someone to take your case. I can't do any of those things. The best I can do is to try to

recruit someone. And before I do that, I have to find a

couple of things.

One, I have to find that you've made a reasonable attempt

to obtain counsel, and I'll go ahead and I'm going to, based

upon what you're telling me if you've actually contacted more

than ten law firms, I can go ahead and make that finding that

you've made a reasonable attempt to obtain counsel.

**THE PLAINTIFF**: Yeah.

**THE COURT**: But the other one is, the second one is I have to find is, given the difficulty of the case, whether you are competent to litigate it on your own. And so, you know, part of that is I have to consider your...

Page 9 Lines 1-15

background, you know, your history, your education, you know, in this case, your psychological and anxiety issues. I have to consider all of that. But I also have to consider, you know, how difficult or how, you know, how complex this particular case is and so−

**THE PLAINTIFF**: Yes, every time I try to work on it I get anxiety attacks and I start hyperventilating and freaking

out. And I just don't know what I'm doing. I don't know what to do. I don't know what I'm doing, and it's a little bit too complex for my knowledge. I don't know anything about law or anything and it freaks me out.

**THE COURT**: Well, but the issue is not whether it's

complex for you. Because, I mean every -- and I don't mean

this as an insult -- but every case is going to be complex for you because you're not a lawyer, right And so simply by virtue of the fact that it's governed by the Federal Rules of Civil Procedure, the Federal Rule of Evidence, you know, all those things, all matters are going to be complex

Page 11 Lines 1-18

**THE COURT**: Well, I'm going to assume -- I'm going to

take as a matter of fact that you know nothing about law. I mean, I'm just going to assume that.

**THE PLAINTIFF**: Yeah.

**THE COURT**: You're not a lawyer, you've never been employed as a lawyer, a paralegal or anything like that. But that's a separate question, right? I mean, because, you know,

all this stuff is written down. By "all this stuff," the rules and the procedures and all that kind of stuff. And so if you can read and write, I mean, you have the ability to sort of get yourself up to speed to the extent that you need to.

And, you know, you've had -- I mean, you've been on notice

at least since, you know --

**THE PLAINTIFF**: Yes, but I never asked to be pro se.

I never asked this, to even say I was pro se -- I've been treated like I'm being pro se and I never attempted to be pro se at all.

From Page 12 Lines 20-25

**THE PLAINTIFF**: So they just made me pro se without even checking to see if I was mentally okay with being pro se?

**THE COURT**: No, what they did was they relieved your prior attorney of his representation. Now, you advised the Court at the time that you were searching for new counsel. That's what you advised back on June 9th.

From Page 13 Lines 1-25

**THE PLAINTIFF**: Yes, because my counsel refused to keep working with me.

**THE COURT**: Well, right, but what I'm saying is Magistrate Judge Collins didn't rule that you needed to pursue this case pro se. What she did was allow Mr. Myers, based upon the representations that he made to the Court, she relieved him of any further duty to represent you in this case. That didn't stop you from obtaining new counsel. It just meant that Mr. Myers wasn't going to be your counsel going forward. I mean, you were at that hearing, right?

**THE PLAINTIFF**: Yes.

**THE COURT**: Okay.

**THE PLAINTIFF**: Well, the hearing that they released

him from, no, I wasn't. I had to leave -- he was supposed to come to court with me on the 9th and told me 30 minutes before I had to go to court that he just did not have time due to personal issues and that's why he couldn't do it anymore.

I tried to bring the evidence into the Judge and he (sic) didn't take the evidence, and now I am waiting for keep going but I don't know what I'm doing. I think my uncle, who is my

paralegal, told me to point out I don't know what and where to find my federal docket, I don't know how to properly search my case and determine what is a binding law. I don't know how to brief a case, write a morandum (sic) or whatever -- a memorandum of law or whatever that is, conduct the discovery,

Con't on Page 14 Lines 1-2
send out subpoenas, conduct the discovery or anything. I'm

not prepared for this trial.

Page 16 &17 Lines 17-25 Pg 17 Lines 1-24

**THE COURT**: Ms. Schroeder, do you have anything -- I

mean, do you have any insight on this? I mean, with respect,

I guess I'm asking more with respect to the complexity of the

case. It doesn't strike me -- again, I understand it's

complex to Ms. Rodriguez and to the extent that every case is

complex, but what are your thoughts on the complexity of this case?

**ATTORNEY CAITLIN SCHROEDER**: Thank you, Your Honor.

I think you've already well established the key issue in the case being the dispute regarding what Ms. Rodriguez was doing

with her phone, which ultimately led to her discipline and

ultimately her employment termination.

You know, if I may, Your Honor, I think sometimes it is

very overwhelming to start at the beginning of a case, but if

a person takes small steps at a time -- I've had a lot of pro

se cases and we just sort of do one step at a time.

You know, I don't think defendant, Lear, has any objection

to the Court trying to recruit counsel for Ms. Rodriguez.

Certainly, we would appreciate her having some assistance so

that we could move the case along and get to the merits. I am looking more directly at some of these recent discovery issues, and my concern there being the ability to

respond and meet deadlines and provide those discovery responses, which I see as sort of more the immediate issue. You know, I understand the concerns about finding law and sending out subpoenas, but we're really not even quite there yet,

**THE COURT**: Yeah.

**ATTORNEY CAITLIN SCHROEDER**: " And so that's really

more how I see the immediate assessment is, you know, how can

we either help Ms. Rodriguez to respond to the discovery

within our own roles and within the ethical boundaries of our

own roles, or find counsel who can help her with those things."

Later, Rodriguez attempted to communicate to the court that she tried to turn over her phone to the party (a law firm) that Lear Corporation and their attorneys asked her to turn it over to, but when she called, she was informed that the law firm she was told to contact and deliver phone over to **did not do forensic analysis on cell phones**. She then called the attorney for Lear Corporation and was told he was currently on vacation and would call her when he got back

In conclusion, the key factor here was that Judge Teel, and Attorney Caitlin Schroeder both indicated they understood Rodriguez's shortcomings in being able to handle this case and wanted to help her find legal representation in order to **have the case decided on the merits and to facilitate discovery**, but once she indicated that she tried (with help) to simply turn her phone over the Court decided somehow she could magically be her own lawyer, follow all rules of discovery (which includes reciprocal discovery) such as Request for Admission, Interrogatories, conducting Depositions, sending out Subpeona's, and even meaningfully take **this case to trial is dubious at best and would be a Trial by ambush.** The Court needs to keep in mind that **this case does have merit** & that it was found by the EEOC Commission as such, and as a result, **she received a right to sue letter from them,** which in turn caused attorney Myers to take the case on a contingency basis. However, **Mr. Myers lost Rodriguez's discovery paperwork 3 times and also had 3 paralegals quit on him,** which in turn affected his ability to continue the case. It must also be considered that Rodriguez prevailed after several months to secure unemployment compensation from Lear after they opposed it an administrative law judge determined **she was not fired for good cause** & that Lear needed to pay her unemployment claim, and that **one simple action of trying to turn over her phone does not in any way make her capable of handling the case at bar**.

Remember her last plea for help was as recorded by **Transcript on Page 22 line 25** "

**THE PLAINTIFF: I have a disability. I need help and I'm telling you that"**

## IV. RELIEF REQUESTED

WHEREFORE, for the reasons stated above, the Movant respectfully requests that the Court:

GRANT this Motion to Alter or Amend Judgment;

VACATE or MODIFY its [Order/Judgment] accordingly

Toll all deadlines and stated fees and penalties for discovery violations due to mental health issues.

ORDER a formal psychological or psychiatric evaluation of the Movant's capacity to represent [himself/herself]; and take any previous psychiatric evaluations under advisement.

Appoint capable counsel to this case, ensuring that her due process rights are not violated or at a minimum, help her find counsel as this court was prepared to do as shown above.

CONDUCT a **rehearing** on the issue of competency to proceed pro se; and if this court still **denies her request to conduct a Finding of Facts & Conclusions of Law** so that she may appeal such a ruling to the 7th Court of Appeals.

**OATH OF AFFIRMATION**

I do solemnly swear under the penalties of perjury that the following is true & correct to the best of my abilities and was deposited directly into the Federal Clerk's office on this 30th day of September 30th 2025.

Eleza L Rodriguez

x _Eleza Rodr_____

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has also been served via U.S. Certified Mail on this 30th day of September 2025, to all parties or counsel's official address (s).

Eleza L. Rodriguez

x _Eleza Rod_____

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Scott James Preston, Atty. No. 25436-49

300 N. Meridian Street, Suite 2700

Indianapolis, Indiana 46204

Eleza Rodriguez
412 West Branning, Fort Wayne IN 46807