IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELEZA L. RODRIGUEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-00561-HAB-ALT |
| LEAR CORPORATION, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND ORDER**

Defendant Lear Corporation responds to Plaintiff's Motion to Alter or Amend Judgment and Order pursuant to Federal Rule of Civil Procedure 59(e). In essence, Plaintiff incorrectly asserts the Court had a "constitutional mandate" to order Plaintiff to undergo a psychiatric evaluation, inquire into Plaintiff's history of mental illness, and conduct an evidentiary hearing to assess whether Plaintiff had a constitutional right to counsel under *Fretta v. California*, 422 U.S. 806 (1975). Lear responds to these claims set forth by Plaintiff.

***First,*** neither Federal Rule 59(e) nor Federal Rule 60 supports the relief Plaintiff requests: reconsideration of the Court's September 4, 2025, Order denying Plaintiff's request for appointment of civil counsel. Federal Rule 59(e) expressly applies to only a judgment, a legal term of art under Rule 54, *not* an interlocutory order entered during litigation. Likewise, Rule 60(b) applies to only final judgments and orders. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*,

961 F.3d 942, 948-49 (7th Cir. 2020). Because there is no final judgment or order, Federal Rule 59(e) and 60(b) do not apply.

Regardless of rule, Plaintiff argues the Court should reconsider its September 4, 2025, Order because of "mistake, inadvertence, surprise or excusable neglect." [Dkt. 37, p. 2] Yet, a plaintiff may not request relief merely to evade consequences of legal positions and litigation strategies if they prove to have been "unsuccessful, ill advised or even flatly erroneous." *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015). Moreover, Plaintiff cannot show she behaved with appropriate diligence; instead, it appears she has only herself to blame for the current situation. *See Yesick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *Robinson v. Wix Filtration Corp. LLC*, 599 403, 413 (4th Cir. 2010). As the Court correctly noted, "Rodriquez had an experienced employment lawyer. But she chose not to cooperate with that lawyer in the discovery process, a recalcitrance that continues to this day." [Dkt. 31]

**Second,** as the Court knows, Plaintiff has no constitutional right to the relief she is requesting. This is a civil proceeding, and the cases cited throughout Plaintiff's Motion are criminal cases, and none from this Circuit. None of them applies, including *Fretta*, which concerned a criminal defendant who wanted to represent himself under the Sixth Amendment. The Supreme Court held the state court erred in forcing the petitioner to accept a state-appointed federal defender when he preferred self-representation. *Fretta,* 422 U.S. at 835-36. Indeed, the hallmark of any due process claim is notice and an opportunity to be heard. The Court gave Plaintiff

notice of her competency hearing and an opportunity to be heard. Plaintiff just disagrees with the Court's ruling, which is not enough under any rule to justify reconsideration.

*Lastly,* Plaintiff has demonstrated the issue is not one of competence, but rather, willingness to avoid prosecuting the case she brought. Responding to Lear's discovery – which Plaintiff has steadfastly refused to do, regardless of legal representation – does not require any legal training or a court-appointed attorney. To the contrary, the discovery requests are nothing more than a take home exam of Plaintiff's own life. It does not take legal training to describe, *inter alia*, Plaintiff's past and current employment, the medical doctors treating Plaintiff for diabetes, the software she used to monitor her diabetes on her phone, the type of phone she used, and her phone carrier. *See also* Lear Corporation's Brief in Support of Motion to Compel, describing the discovery requests in detail. [Dkt 14]. Most importantly, it does not take legal training to follow the instructions Lear provided several times to turn over her cell phone for forensic inspection. As the Court noted, "[r]ather than submit her discovery responses," Plaintiff has not only filed her "motion on August 8, 2025," but also now this motion for reconsideration. Meanwhile, she *still* has not provided the most basic information about her life in response to Lear's written discovery. The individual who assisted Plaintiff to draft her motion for reconsideration could just as easily assist Plaintiff in responding to discovery. Yet, Plaintiff persists in raising collateral issues instead of simply providing the information and documents the Court has repeatedly ordered her to provide.

Lear Corporation respectfully requests the Court to deny Plaintiff's motion for reconsideration and grant Lear Corporation's Motion to Dismiss [Dkt. 26] and Motion for Attorneys' Fees. [Dkts. 33, 34]

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

*/s/ Scott James Preston*
Scott James Preston, Atty. No: 25436-49
Caitlin Schroeder, Atty. No. 30121-45
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Tel: (317) 916-1300
Fax: (317) 916-9076
scott.preston@ogletreedeakins.com
caitlin.schroeder@ogletree.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025, a copy of the foregoing was filed electronically, and a copy of the foregoing was served by United States first-class mail, postage prepaid, upon:

Eleza Rodriguez
412 West Branning Avenue
Fort Wayne, Indiana 46807
*Pro Se Plaintiff*

                                            */s/ Scott James Preston*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Tel: (317) 916-1300
Fax: (317) 916-9076

92951214.v2-OGLETREE