**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ELEZA L. RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-CV-561-HAB-ALT |
| | ) | |
| LEAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT, RECOMMENDATION, AND ORDER**

There are three motions pending in this case. Defendant Lear Corporation ("Lear") has moved to dismiss this case (ECF 26) and for attorney fees (ECF 33) because of Plaintiff Eleza L. Rodriguez ("Rodriguez") violated discovery rules and orders. The former is before me on a referral from Chief Judge Holly A. Brady. (ECF 36). Rodriguez has moved for reconsideration of my prior order (ECF 31) denying her request for appointment of counsel. (ECF 37). I will address all three motions in this document.

**I.  Procedural History**

I will incorporate the procedural history related to Rodriguez's request for appointment of counsel that is set forth in my prior order. (ECF 31 at 1-2).

In February 2025, Lear served Rodriguez with two sets of interrogatories and two sets of requests for production of documents. (ECF 14-1, 14-2, 14-3, 14-4). Rodriguez did not timely respond. On May 13, 2025, counsel for Rodriguez informed Lear that he would be withdrawing from the case based on Rodriguez's unwillingness to cooperate in discovery. (*See* ECF 16 at 1).

Lear moved to compel on May 27, 2025. (ECF 13). On June 9, 2025, Magistrate Judge Collins granted Rodriguez's counsel's motion to withdraw, and accordingly, extended Rodriguez's

response deadline to the motion to compel to July 24, 2025. (ECF 16, 19). No response was ever filed.

On July 29, 2025, I held a status conference. At that conference, Rodriguez told me that her discovery responses were almost complete. So I granted the motion to compel and ordered Rodriguez to file her discovery responses by August 8, 2025. (ECF 24). Again, Rodriguez failed to follow this Court's orders. Rather than submit her discovery responses, she moved for appointment of counsel. (ECF 25).

Rodriguez's violation of my order led Lear to move to dismiss the case, citing Rodriguez's repeated failures to cooperate in discovery and follow the Court's orders. (ECF 26). It also led Lear to move for attorney fees. (ECF 33). Rodriguez has not responded to either motion, and her time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3). I would concede, however, that it's possible she didn't receive either motion because, in the interim, it appears that she moved without updating her address with Lear or the Court. (ECF 35).

What Rodriguez has done is moved to reconsider my order denying appointment of counsel. (ECF 37). Lear has responded to that motion. (ECF 39).

**II.     Legal Discussion**

**A.     Motion to Reconsider**

Rodriguez moves under Fed. R. Civ. P. 59(e) but, as Lear notes, that's wrong. Motions to reconsider are governed by Rule 54(b) when such motions are filed after an interlocutory order and before the entry of a "final judgment." *See Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 816 F. Supp. 1286, 1287 (N.D. Ill. 1993). Motions to reconsider made after a final judgment or after a trial are governed by Rules 59(e) and 60(b). *See id*.

2

In addressing a motion to reconsider an interlocutory order, courts have applied the standard established in *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990). *See Ramada Franchise Sys., Inc. v. Royal Vale Hosp. of Cincinnati, Inc*., No. 02 C 1941, 2004 WL 2966948, at *3 (N.D. Ill. Nov. 24, 2004) (collecting cases). A motion for reconsideration brought under Rule 54(b) may be granted where the court has misunderstood a party, where the court's decision rests on grounds outside the adversarial issues presented to the court by the parties, where the court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the court, or where there has been a controlling or significant change in the facts of the case. *See, e.g.*, *Goldman v. Gagnard*, No. 11 C 8843, 2012 WL 2397053, at *2 (N.D. Ill. June 21, 2012). In any event, my "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc*., 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Rodriguez raises none of these grounds to reconsider. Instead, she continues to labor under the misapprehension that she is a criminal defendant, entitled to both counsel and a competency evaluation. (*See generally* ECF 37 at 1-6). She has the right to neither. *McCaa v. Hamilton*, 893 F.3d 1027, 1030 (7th Cir. 2018) (civil litigants have no right to counsel); *Pruitt v. Mote*, 503 F.3d 647, 658 n.13 (7th Cir. 2007) ("'competence' in this context is not the same as the competence-to-stand-trial analysis in criminal cases"). None of Rodriguez's case law speaks to the issues here—appointment of counsel for a civil litigant—so none needs to be addressed here.

And I must point out that I *did* consider Rodriguez's claims of depression and anxiety. I noted in my order that, despite suffering from anxiety and depression since she was a child, Rodriguez graduated from high school and has been consistently employed. (ECF 31 at 4). I noted

that she chooses not to take her prescribed medications. (*Id*.). And I noted that, despite her claimed disabilities, she has shown the ability to effectively advocate for herself across two hearings. (*Id*.). Indeed, Rodriguez's most recent filing, bursting with case citations and transcript excerpts, does nothing to shake my confidence in her abilities.

Rodriguez has raised no legal ground for reconsideration of the appointment of counsel. Instead, she simply re-hoes the same legally incorrect row. Her motion to reconsider (ECF 37) is DENIED.

**B.      Motion to Dismiss**

Next, Lear moves to dismiss this case under Fed. R. Civ. P. 37(b) and 41(b), citing Rodriguez's continued failure to cooperate in discovery. (ECF 26). As the Seventh Circuit has noted, the text of Rules 37(b) and 41(b) overlap—both cover failures to comply with court orders. *Maynard v. Nygren*, 332 F.3d 462, 468 n. 2 (7th Cir. 2003); *see Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997). But the standards for justifying dismissal under each differ slightly: Rule 37(b)(2)'s standard is willfulness, bad faith, or fault, while Rule 41(b)'s requires a clear record of delay or contumacious conduct. *See Maynard*, 332 F.3d at 467-68. The difference between these two standards has caused confusion, but the Seventh Circuit has made clear that the Rule 41(b) standard is actually a stricter standard than the Rule 37(b) standard, *In re Pansier*, 417 F. App'x. 565, 569 (7th Cir. 2011), and has intimated that a finding of willfulness, bad faith, or fault is only necessary if Rule 41(b)'s "clear record" of delay is not present. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190-91 (7th Cir. 2011).

I find that dismissal is appropriate under either standard. Under Rule 37, Rodriguez has displayed willfulness, bad faith, and fault in her non-compliance. We are now more than six months past the date for Rodriguez to answer discovery with no responses forthcoming. She has ignored

orders to respond to Lear's motion to compel (ECF 19, 21), ignored my order granting the motion to compel and setting a response deadline (ECF 24), and failed to respond to the motion to dismiss. She has ignored Lear's informal attempts to obtain discovery. (ECF 32-3 at 2). And, it must be remembered, the reason she proceeds pro se is her refusal to cooperate with her prior counsel in responding to discovery. (ECF 16 at 1).[1]

But the basis for dismissal under Rule 41 is perhaps even stronger. In addition to all that, Rodriguez failed to appear for a telephonic status conference (ECF 21) and has failed to keep her contact information up-to-date.[2] (ECF 35). She has delayed submitting discovery responses despite her representation to me, made at the July status conference, that the responses were almost complete. She also continues to litigate other parts of this case, particularly her quixotic quest for appointed counsel, rather than answer discovery. This is a clear record of delay and contumacious conduct.

Rodriguez's conduct here mirrors Lear's explanation for her firing: she does things when she wants, how she wants, and in the order she wants. She will not be forced to comply with the rules that govern her conduct—not by an employer, attorney, or judge. That didn't work for Rodriguez at Lear, and I don't believe it should work for her anymore in this Court. I will RECOMMEND that Lear's motion to dismiss (ECF 26) be granted.

C.     **Motion for Attorney's Fees**

Finally, Lear has moved for attorney's fees occasioned by the filing of the motion to compel. (ECF 33). Because I am recommending the ultimate sanction for Rodriguez's discovery

---

[1] Although the Court has not expressly warned Rodriguez that dismissal was a potential sanction for her discovery violations, such a warning is not absolutely necessary. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). In any event, Rodriguez has been warned that failure to comply with Court orders can result in dismissal (ECF 22), and Lear's request for dismissal constitutes a further warning. *See Brown*, 664 F.3d at 192.

[2] "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (citation omitted).

violations, that being dismissal, I will provisionally DENY the request for the additional sanction of fees. If, however, Chief Judge Brady overrules my report and recommendation on the dismissal, I will entertain a renewed motion for fees at that time.

### III.    Conclusion

For these reasons, I will:

- DENY Rodriguez's motion to reconsider (ECF 37);

- DENY Lear's motion for attorney fees (ECF 33); and

- RECOMMEND that Chief Judge Brady GRANT Lear's motion to dismiss (ECF 26).

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 14th day of October 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge