IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ELEZA L. RODRIGUEZ, )
Plaintiff, )
)
V. )
)
) Case#1:24-cv-00561-HAB-SLC
)
LEAR CORPORATION, )
)
Defendant. )

-FILED-
OCT 28 2025
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## OBJECTIONS TO REPORT, RECOMMENDATION, AND ORDER
## AND PRESERVATION OF RIGHT OF APPEAL

Comes Now Eleza Rodriguez pro se and in forma pauperis stating the following facts & figures to wit and support submits the following:

I. Procedural History

On February 2025, Lear served Rodriguez with two sets of interrogatories and two sets of requests for production of documents. (ECF 14-1, 14-2, 14-3, 14-4). Rodriguez did not timely respond. On May 13, 2025, counsel for Rodriguez informed Lear that he would be withdrawing from the case based on Rodriguez's unwillingness to cooperate in discovery. (See ECF 16 at 1).

Herein, as stated above, Rodriguez disputes the stated reasons given by attorney Chris Myers of record, when the reality was that Myers had misplaced her discovery materials on several occasions and had multiple paralegals in his office quit and as a result, could not respond appropriately or timely. And as a result of such, Lear moved to compel on May 27, 2025. (ECF 13).

On June 9, 2025, Magistrate Judge Collins granted Rodriguez's counsel's motion to withdraw, and accordingly, extended Rodriguez's response deadline to the motion to compel to July 24, 2025. (ECF 16, 19). No response was ever filed.

On July 29, 2025, I held a status conference. At that conference, Rodriguez told me that her discovery responses were almost complete. So I granted the motion to compel and ordered Rodriguez to file her discovery responses by August 8, 2025. (ECF 24). Again, Rodriguez failed to follow this Court's orders. Rather than submit her discovery responses, she moved for appointment of counsel. (ECF 25).

## LEGAL DISCUSSION

For clarification, the reason that Rodriguez failed to fully comply was because, as she expressed to the court that as she started to attempt to complete her responses and to do research on the case <u>she became overwhelmed by anxiety attacks,</u> up to and including literally being frozen with anxiety, and she also expressed to the court that she had historical & documentable issues with anxiety that included even suicidal ideations. However,<u> the court abused its discretion</u> and still denied her request for appointment of counsel. She has made it clear to this court that she has emotional and high anxiety issues that arise specifically as she tries to work on her case, and it is an abuse of this discretion to deny her competent and capable counsel in this case at bar.

*Pruitt v. Mote* (7th Cir. 2007): In this significant en banc decision, the court established the framework for evaluating a motion to appoint counsel. Judges must consider a litigant's abilities against the difficulty of the case.

**Complex medical evidence:** When a case hinges on medical evidence, the court is more likely to find that a pro se litigant lacks the ability to effectively challenge or present that evidence without assistance.

**"Cruel choice":** The court has recognized that in cases involving plaintiffs with mental health conditions, forcing them to represent themselves can be a "cruel choice." The case of *Indiana v. Edwards*, though a criminal case, highlights concerns about a mentally ill person's ability to represent themselves effectively, a principle that may extend to complex civil litigation as well.

**History of the pro se litigant:** In cases like *Cordell Sanders v. Michael Melvin* (2021), the court reversed a dismissal against a mentally ill and incarcerated pro se plaintiff, arguing that such a decision was contrary to the leniency typically afforded to such litigants.

In the case at bar, Rodriguez contends that despite this Court's insistence to the contrary, this case, if taken to trial, this case does involve complex medical issues and mental evaluations to be taken into consideration. These issues need to be fully ferreted out by a capable and competent attorney. Further, at no time has Rodriguez ever stated to this court that she wished to proceed pro se in this matter.

Please keep in mind that though there is no automatic right to appointment of counsel in a civil case, all criminal cases become civil in nature in the post conviction stage, and all districts and jurisdictions have, at times of demonstrated the need to assign counsel in cases where the lack of legal skills could lead to due process violations.

The court evaluated several factors from the *Maclin* case, including:

- Meritorious Claim: The court assessed whether McKeever's allegations had sufficient legal grounding to warrant representation.
- Litigant Competence: Considered McKeever's ability to effectively represent himself, especially given allegations of procedural errors and lack of legal knowledge.
- Complexity of Legal Issues: Acknowledged the intricate nature of constitutional claims and the benefits of having trained legal counsel to navigate such complexities.
- Evidence Handling: Highlighted the importance of competent legal representation in conducting investigations and cross-examining witnesses.

The district court's misunderstanding of its authority and the resultant denial of counsel were deemed an abuse of discretion. The appellate court emphasized that even in the absence of explicit funding, the provision of counsel remains within the court's purview to ensure fair legal proceedings for indigent litigants.

**Points & Authorities**

**Federal law gives courts the discretionary authority to appoint counsel for indigent litigants in civil proceedings. The relevant statutes include:**

- 28 U.S.C. § 1915(e)(1): Permits federal courts to request or assign counsel for indigent civil litigants.
- 18 U.S.C. § 3006A: Provides for the appointment of counsel in specific situations, including some civil proceedings.

- **Title VII of the Civil Rights Act of 1964:** Explicitly allows for the appointment of counsel in employment discrimination suits.

1. **Cognitive ability and psychological state:**

- **Impaired ability to participate:** A key factor is whether the litigant's disability significantly impairs their ability to represent themselves, understand legal proceedings, gather facts, or present their case.
- **Need for expert testimony:** If the case requires expert testimony regarding the disability, and the litigant cannot secure this on their own, the need for counsel is stronger.
- **Courtroom complexity:** The ability to navigate complex courtroom procedures is another consideration. An emotional or psychological disability can affect a litigant's ability to handle this pressure.

2. **Merits of the case:**

- A court must first be convinced that the case has some merit. This can be challenging for a litigant with a disability who lacks legal training to properly frame their claims.

3. **Diligence in seeking counsel:**

- The litigant must demonstrate they have made a reasonable, but unsuccessful, effort to secure legal representation on their own. This can involve contacting legal aid organizations or private attorneys.

4. **Complexity of the issues:**

Courts consider the complexity of the factual and legal issues involved. A case with unusually complex matters, like an ADA claim involving psychological harm, strengthens the argument for appointed counsel.

## Standard for appointing counsel in civil cases

The Seventh Circuit follows the legal standard set in *Pruitt v. Mote*, which outlines factors for courts to consider when deciding whether to recruit counsel for indigent civil litigants. The appointment is not mandatory and is not a guarantee.

A court will generally assess two main issues:

- **Has the plaintiff made reasonable efforts to find a lawyer on their own?** The court will confirm the plaintiff has attempted to secure private counsel before seeking an appointment.
- **Does the complexity of the case or the plaintiff's capabilities make a lawyer's presence necessary to ensure a just outcome?** The court considers a combination of the following factors:
    - **Case complexity:** The court will evaluate whether the legal issues are straightforward or complex, and whether a layperson can effectively investigate and present the necessary evidence.
    - **Plaintiff's capabilities:** The court considers the plaintiff's ability to represent themselves. Factors include:
        - Literacy and communication skills
        - Educational background
        - Litigation experience
        - Intellectual capacity and psychological background

## How psychological issues affect counsel appointment

<u>A plaintiff's psychological disability or emotional issues are directly relevant to the court's evaluation of their ability to represent themselves</u>. The court may be more likely to appoint counsel in an ADA case if the plaintiff's psychological state impairs their ability to:

- Participate effectively in legal proceedings.
- Communicate with the court and opposing counsel.
- Gather facts and evidence.
- Withstand the stress and pressure of litigation.

## Damages for emotional and psychological issues under the ADA

While the appointment of counsel is discretionary, the Americans with Disabilities Act does allow for recovery of damages related to emotional and psychological harm. The Seventh Circuit has affirmed awards for emotional distress in discrimination cases, including ADA claims, especially in the presence of severe or pervasive harassment.

For example, the Seventh Circuit upheld a large compensatory damages award for an employee with a disability who suffered discrimination. The court may consider a plaintiff's psychological issues when determining appropriate damages if a violation is proven.

Concerning competency to litigate, the plaintiff's literacy, communication skills, educational level, and litigation experience must be considered. If present in the record, the court should also consider the plaintiff's intellectual capacity and psychological background.

Each case is examined based on the plaintiff's competence and case difficulty as particularized to the plaintiff. The Seventh Circuit held the district court has no obligation to reconsider a § 1915(e)(1) denial should future events prove the plaintiff less capable than the record indicated when the motion to appoint counsel was denied. Four of the appellate judges disagreed on this point in a lengthy dissenting opinion.

Meaningful access does not exist when a litigant's inability to understand or to participate in proceedings because of a disability surpasses the mere confusion many lay persons experience when participating in the legal system.

As the Honorable Robert W. Sweet, in proposing full civil Gideon, has noted: <u>As every trial judge knows, the task of determining the correct legal outcome is rendered almost impossible without effective counsel</u>. Courts have neither the time nor the capacity to be both litigants and impartial judges on any issue of genuine complexity. As recognized by the Lassiter dissent, "By intimidation, inarticulateness or confusion, a [litigant] can lose forever" the right she sought to protect.5  Lassiter v. Dept. of Soc. Servs. of Durham County, 452 U.S. 18, 47 (1981)) (emphasis added).

Arguments for appointed counsel may prevail, for example, when expert testimony is required, the case presents unusually complex issues, and the <u>plaintiff does not have a college education and has a mental disability that prevents her from comprehending complex matters in the courtroom.</u> When some of these circumstances exist, plaintiffs should request the assistance of counsel. <u>Title VII of the Civil Rights Act of 1964 also permits courts to appoint counsel for the plaintiff on request in an employment discrimination suit.</u>

## CONCLUSIONS

The fact is that Rodriguez's case will need to be amended to include the fact that she never received union representation and unions have a duty to represent under the National Fair Labor Relations Act. It will have to be proven by a competent attorney that such actions were arbitrary, capricious and done in bad faith. This will require laying foundation for such which takes competent counsel.

The fact is, it is highly dubious at best that Rodriguez was receiving such from her contingency counsel, Myers, who backed out and left her case at a very critical stage-(discovery and response) and that allowing him to do so without ensuring Rodriguez's due process rights were not compromised was and is an abuse of discretion by the court. Rodriguez's case has merit and would include many complex issues that only a capable attorney can handle. This case should not be dismissed because of procedural error and the fact that she is not an attorney who's capable of doing competent & complex interrogatories, conducting depositions, legal research, or sending out properly served subpoena's or even knowing who should be subpoenaed is a disservice to her and decades of jurisprudence. Finally, the court must keep in mind that even in presenting this corollary argument, "The need for assignment of counsel" by this court, Rodrigquez has had family assistance who is not an attorney and is only doing their level best to assist, which still falls far short of real and competent counsel.

For this and all other just relief in the premises, the Petitioner/Plaintiff prays this court reconsider its previous Recommendation & Order & preserve Rodríguez's right to appeal.

## OATH OF AFFIRMATION

I do solemnly swear under the penalties of perjury that the following is true & correct to the best of my abilities and was deposited directly into the Federal Clerk's office on this 28th day of October 28 2025.

Eleza L Rodriguez

x _[signature]_

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has also been served via U.S. Certified Mail on this 28th day of October 28 2025, to all parties or counsel's official address (s).

Eleza L. Rodriguez

x _[signature]_

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Scott James Preston, Atty. No. 25436-49

300 N. Meridian Street, Suite 2700

Indianapolis, Indiana 46204

Eleza Rodriguez

412 West Branning, Fort Wayne IN 46807