UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELEZA L. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>LEAR CORPORATION,<br><br>Defendant. | CASE NO. 1:24-CV-561-HAB-ALT |

**OPINION AND ORDER**

This matter comes before the Court on pro se Plaintiff Eleza L. Rodriguez's ("Rodriguez") objection (ECF 41) to Magistrate Judge Andrew L. Teel's Report and Recommendation ("R&R") (ECF 40). Rodriguez argues that Magistrate Judge Teel erred in his refusal to appoint counsel and in recommending that her case be dismissed. She also contends her original counsel should not have been allowed to withdraw and that she needs to amend her complaint. Because the Court reaches the same substantive conclusions as Magistrate Judge Teel and Rodriguez's suggested amendment would be futile, the Court will overrule her objection.

**I.   Background**

Rodriguez sued Defendant Lear Corporation ("Lear") in Whitley County Superior Court in December 2024. (ECF 4). The complaint alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and 42 U.S.C. § 1981. (*Id.*). Lear promptly removed the case to this Court. (ECF 1).

In February 2025, Lear served Rodriguez with two sets of interrogatories and two sets of requests for production of documents. (ECF 14-1, 14-2, 14-3, 14-4). Rodriguez did not respond.

In May, Lear moved to compel discovery. (ECF 13). The next day, Rodriguez's counsel Christopher Myers notified Lear of his intent to withdraw and moved for permission to do so. (ECF 16, ¶ 1). He told Magistrate Judge Susan L. Collins his desire to withdraw was related to Rodriguez's tardiness in answering discovery. (*Id.*). Magistrate Judge Collins ultimately granted the motion. (ECF 19). At that time, Rodriguez advised that she was actively seeking new counsel. (ECF 16). So, Magistrate Judge Collins gave Rodriguez until July 24 to respond to the motion to compel. (*Id.*). This granted Rodriguez more time to find new counsel and get them up to speed. (*Id.*). Magistrate Judge Collins also scheduled a telephonic status conference for July 9. (*Id.*).

Rodriguez never responded to the motion. Rodriguez also failed to appear at the July 9 status conference. (ECF 21). Between hearings, Magistrate Judge Collins retired, and the case was reassigned to Magistrate Judge Teel. (ECF 20). After her failure to appear, Magistrate Judge Teel issued an order to show cause and scheduled another hearing for July 29. (ECF 22). Rodriguez appeared at that hearing, where she assured Magistrate Judge Teel and Lear that her discovery responses were almost complete. (ECF 24). In turn, Magistrate Judge Teel granted Lear's motion to compel, (ECF 13), and gave Rodriguez until August 8 to respond to the discovery requests.

Rodriguez still did not respond. Instead, she filed a motion to appoint counsel, arguing she was incompetent to proceed pro se. (ECF 21). Magistrate Judge Teel held a telephonic hearing on Rodriguez's motion to appoint counsel on September 3. (ECF 30). Rodriguez claimed that she contacted multiple attorneys after Myers withdrew, but none of them would take the case. (ECF 38, at 1:20–3:8). When Magistrate Judge Teel asked which attorneys or firms she contacted, Rodriguez could not identify them. (*Id.*, at 3:9–18). She further advised that she graduated from high school in 2018 and had been employed consistently since then. (*Id.*, at 4:22–6:2). Despite these signals of competence, Rodriguez stated the depression and anxiety she has suffered since

childhood rendered her incapable of prosecuting her own case. (*Id.* at 6:3–7:2). She had been prescribed medication the year prior but stopped taking it after about four days. (*Id.* at 6:15–7:2). She also claimed that she had anxiety attacks every time she tried to work on this case. (*Id.* at 9:6–11). Magistrate Judge Teel ultimately denied Rodriguez's motion. (ECF 31). He ruled that even if she had made reasonable attempts to obtain counsel, the case was simple enough that she was competent to litigate it herself. (*Id.* at 3–5).

While Rodriguez's motion for appointment of counsel was still pending, Lear moved to dismiss the case over Rodriguez's failures to cooperate in discovery and follow court orders. (ECF 26). The company also moved for attorney fees. (ECF 33). Rodriguez did not respond to either motion. It is possible she did not receive them: Lear told the Court that it failed to serve the motions on her because she no longer lived at the address she provided to the Court. (ECF 35). But she still managed to move Magistrate Judge Teel to reconsider his denial of her motion to appoint counsel. (ECF 37).

On October 14, Magistrate Judge Teel issued his R&R. (ECF 40). He denied Rodriguez's motion to reconsider and Lear's motion for attorney fees. (*Id.* at 6). But he recommended that this Court grant Lear's motion to dismiss. (*Id.*). Judge Teel noted that Rodriguez's motions identified no case law relevant to the appointment of counsel for a civil litigant. (*Id.* at 3). He further added that despite her claimed disabilities, she capably advocated for herself both in hearings and in her motions. (*Id.* at 4).

On the motion to dismiss, Judge Teel found dismissal appropriate under FED. R. CIV. P. 37(b) and 41(b). (*Id.* at 4–5). He found that Rodriguez's failure to comply with court orders while still pursuing other motions created a consistent record of causing delay and displayed willfulness, bad faith, and fault in doing so. (*Id.*). Magistrate Judge Teel denied the motion for attorney fees

3

because dismissal is a more severe sanction. (*Id.* at 5–6). Rodriguez timely objected to Magistrate Judge Teel's R&R and Lear has responded. (ECF 41, 42). Lear did not object.

## II. Legal Standard

When reviewing an objection to a magistrate judge's recommendation, the Court must analyze the recommendation de novo. 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* In other words, the Court's de novo review of the R&R is not limited to the Magistrate Judge's legal analysis alone; the Court may also review factual findings, and accept, reject, or modify those findings as it sees fit based on the evidence. *Id.*

Any findings or recommendations that a party wants reviewed must be "properly objected to." FED. R. CIV. P. 72(b)(3); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[s]ection 636(b)(1)(C) ... does not on its face require any review at all ... of any issue that is not the subject of an objection"). Objections must be specific. FED. R. CIV. P. 72(b)(2). They must at least "specify each issue for which review is sought." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). But the "factual or legal basis of the objection" need not be present. *Id.*

## III. Discussion

Rodriguez's eleven-page filing mostly objects to two things: Attorney Myers's withdrawal and Magistrate Judge Teel's refusal to appoint her new counsel afterward. She also argues her case should not have been dismissed and that she will need to amend her complaint.

### A. Attorney Myers's Withdrawal

Rodriguez contends that Attorney Myers lied about his reasons for withdrawing. She insists Myers withdrew because he misplaced her discovery materials and had multiple paralegals quit, meaning *he* could not timely respond to discovery requests. Not true.

4

Rodriguez was present at the June 9 hearing before Magistrate Judge Collins where Attorney Myers withdrew. (ECF 19). Attorney Myers unambiguously explained that he moved to withdraw because of Rodriguez's belated and problematic cooperation in the discovery process. (ECF 42-1, at 3:16–4:8). This matched the reasoning he provided in his motion to withdraw. (ECF 16). When Magistrate Judge Collins asked Rodriguez why she was not cooperating, Rodriguez stated she was "as compliant as could be" and blamed Myers's paralegals for misplacing her paperwork. (ECF 42-1, at 4:9–19). Rodriguez also confirmed her understanding of the consequences of Myers's withdrawal. She knew she would be representing herself unless she got another attorney. (*Id.* at 4:20–23). She knew she would still need to comply with discovery. (*Id.* at 4:24–5:3). She even said she was planning to hire another lawyer. (*Id.* at 5:4–9). Myers even offered to provide anything within her file that she would need. (*Id.* at 8:25–9:4).

Rodriguez made no mention at the hearing of the tale she spins now other than the vague reference to paralegals misplacing her paperwork. Even if that part is true, Rodriguez said one of them continued with her after the snafu to figure out how to get the necessary documents. (*Id.* at 4:9–19). It also does nothing to undercut what Attorney Myers told the court implying that Rodriguez was the source of the discovery compliance problem.

Magistrate Judge Collins did not err in allowing Attorney Myers to withdraw.

B. **Appointment of Counsel**

Rodriguez also argues for the third time that she is entitled to appointed counsel because she is not competent to prosecute her own case. The Court disagrees.

Civil litigants have no right to counsel. *McCaa v. Hamilton*, 893 F.3d 1027, 1030 (7th Cir. 2018). Rodriguez's argument cites large swaths of irrelevant case law and statutes to work around this fact. The only relevant case she cites is *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc).

5

*Pruitt* discusses the standard for when a district court should recruit counsel for an indigent pro se plaintiff under 28 U.S.C. § 1915(e)(1). *Id.* It requires the court to make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?" *Id.* at 654.

Under the *Pruitt* standard, Magistrate Judge Teel concluded that appointed counsel was not proper. (ECF 31, at 3). Given Rodriguez's testimony at the September 3 hearing that she had contacted "more than ten" attorneys since Attorney Myers withdrew, he assumed the first prong satisfied. (*Id.*). But he ruled that the second prong cut strongly against Rodriguez. (*Id.*). He determined the case to be among the simplest that a federal district court could hear. (*Id.*). Rodriguez's education, employment history, and apparent capacity to advocate for herself bolstered her competence to litigate it. (*Id.*). Magistrate Judge Teel also considered her mental health and concluded that it was not a limiting factor. (*Id.* at 4). The Court agrees with Magistrate Judge Teel on every front.

This is a one-count discrimination case that rises and falls on one factual dispute: whether she was on her phone at work to check her blood sugar, or for some other purpose that Lear prohibited. Rodriguez is a literate high school graduate who has held down steady employment as an adult, all despite the mental health struggles she has purportedly battled since childhood. She has also capably advocated for herself in both hearings and written motions, even if not to the same capacity that a trained lawyer would. Further, this entire analysis is premised on Rodriguez being indigent. She has not claimed to be. And any argument she is gets undercut by her prior retention of a lawyer and extensive subsequent efforts to find a new one.

Magistrate Judge Teel did not err in refusing to appoint Rodriguez counsel.

### C. Motion to Dismiss

Rodriguez makes no specific argument about why her case should not have been dismissed. She only insists the "case should not be dismissed because of procedural error." (ECF 41, at 9). Those "procedural errors" were violations of Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. Magistrate Judge Teel concluded such violations occurred through Rodriguez's deliberate and repetitive dodging of discovery requests and court orders, which needlessly delayed the case. The Court sees no flaw in Magistrate Judge Teel's reasoning.

Rodriguez displayed the requisite "willfulness, bad faith, and fault in her non-compliance" to violate Rule 37(b). (ECF 40, at 4); FED. R. CIV. P. 37(b). Her actions also showed the clear record of delay needed to violate Rule 41(b). *Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003); FED. R. CIV. P. 41(b). More than seven months have passed since the original discovery deadline and Rodriguez still has not responded. In that time, she has ignored a court order and multiple motions filed by Lear. (ECF 19, 21, 24). She failed to appear for a hearing. (ECF 21). She did not keep her contact information up to date with the Court. (ECF 35). Yet she has still found time to pursue her side quest to receive appointed counsel. And it appears that futile mission would not have been necessary if Rodriguez just complied with discovery from the get-go.

The Court agrees with Magistrate Judge Teel's recommendation that the case be dismissed.

### D. Amendment of Her Complaint

Rodriguez finally asserts that she needs to amend her complaint to add a claim that her union violated the National Labor Relations Act ("NLRA") by failing to abide by its duty to represent her. (ECF 41, at 9). This would be a claim under NLRA Section 10(b). 29 U.S.C. § 160(b). Claims under that section are subject to a six-month statute of limitations. *Id.*; *DelCostello v. Teamsters*, 462 U.S. 151, 155 (1983).

7

Rodriguez was fired on March 27, 2024. (ECF 4, ¶ 10). She did not file this suit until December 2, 2024, more than eight months later. (ECF 4). Thus, the statute of limitations for such a claim or a charge to the National Labor Relations Board has passed. An attempt to amend her complaint now would be futile. *Glover v. Carr*, 949 F.3d 364, 367–68 (7th Cir. 2020) ("The district court . . . may deny leave to amend a complaint if the amendment would be futile."). Accordingly, the Court will not grant leave to amend.

### IV.     Conclusion

Rodriguez's objection (ECF 41) is OVERRULED, and the Report and Recommendation (ECF 40) is ACCEPTED and ADOPTED. Rodriguez's claims are DISMISSED WITH PREJUDICE.

**SO ORDERED** on December 2, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
